*64 OPINION.
Sternhagen :
Although there was in the presentation of the case some confusion as to whether the petitioner’s tax liability is affected by the exemption provision of section 231 (11) of the Revenue Act of 1918, it seems to be clear that the only question before us for decision is whether, under the circumstances of its organization and operation, the amount paid out by the corporation to its stockholders *65 as 8 per cent on its capital stock is in truth interest and therefore a proper deduction.
The question of the nature of this payment as a matter of law can only be decided by looking to the source of the obligation under which it is paid. Since the corporation was organized under the Kansas law governing cooperative associations, we may look to that statute. Kansas Laws, 1913, chapter 137, after authorizing the organization of corporations under the cooperative plan, defines such plan “ to mean a business concern that distributes the net profits of its business by: First, the payment of a fixed dividend upon its stock; second, the remainder of its profits are prorated to its several stockholders upon their purchases from or sales to said concern or both such purchases and sales.” The petitioner here conducted its business in accordance with this plan. It will be seen that the basis of the plan is a prescribed distribution of “ net profits ” as between a “fixed dividend” upon stock and a pro rata distribution of the remaining profits upon the basis of the amount of business done with each stockholder. This is exactly what the petitioner here did, and no matter how thoroughly its contributing stockholders believed that they were investing their money or lending it at 8 per cent, and notwithstanding the equivocal language of the constitution, the legal nature of the payment is exactly what the statute describes as a distribution of net profits by way of a fixed dividend upon the stock. The fact that 8 per cent happened to be the rate at which banks were lending money, or the fact that the president testified that the corporation some day intended to make up for the dividend which it passed in 1922, does not establish a legal obligation as for interest. See Sacred Heart Cooperative Mercantile Co., 2 B. T. A. 24.

Judgment will be entered for the Commissioner.

Lansdon did not participate.